IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN ROJAS,

       Plaintiff,

v.                                          No. 2:24-cv-1203 SMD/DLM

ALBERTSON'S, LLC

       Defendant/Third-Party Plaintiff,

v.

BRAZITO CAPITAL VENTURE I, LLC, a wholly-owned
subsidiary of MORRIS CAPITAL PARTNERS, LLC, and
C.B. CENTRAL BUILDERS, INC.,

       Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Unopposed Motion for Substituted Service by Publication filed by Defendant and Third-Party Plaintiff Albertson's LLC (Albertson's). (Doc. 57.) Albertson's seeks an order authorizing service by publication on Third-Party Defendant Brazito Capital Venture I, LLC (Brazito). (*See id.*) Having considered the motion and the relevant authority, the Court finds it should be **GRANTED**.

## I.    Legal Standards

"Federal Rule of Civil Procedure 4(e)(1) allows for service to be effected on a defendant in a judicial district of the United States by following 'state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Wilmington Sav. Fund Soc'y, FSB v. Apodaca*, No. 1:18-cv-0114 JAP/KBM, 2018 WL 3145836, at *1 (D.N.M. June 27, 2018) (quoting Fed. R. Civ. P. 4(e)(1)). "This same

rule applies to serving a corporation, partnership, or other unincorporated association." *Id.* (citing Fed. R. Civ. P. 4(h)(1)). A plaintiff may serve a defendant by publication pursuant to NMRA 1-004(J) and (K) in limited circumstances. *Id.* (quoting *Clark v. LeBlanc*, 593 P.2d 1075, 1076 (N.M. 1979)).

"Service by publication is 'a last resort,' proper 'if and only if the names and addresses of the defendants to be served are not reasonably ascertainable' and it is not 'feasible to give notice to the defendant in some manner more likely to bring the action to his attention.'" *Roque v. Valdez*, No. 1:24-cv-1233 MLG/SCY, 2025 WL 1393967, at *1 (D.N.M. May 14, 2025) (quoting *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 388 P.3d 240, 248–50 (N.M. 2016)). Before the Court authorizes service by publication, "a plaintiff must demonstrate attempted compliance with the entire hierarchy of service set forth in New Mexico Rule of Civil Procedure 1-004(G)." *Wilmington Sav. Fund Soc'y, FSB*, 2018 WL 3145836, at *1 (citing NMRA 1-004(J) ("Upon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication . . . .")).

Under NMRA 1-004(G):

(1) Service may be made upon:

> (a) a domestic or foreign corporation, a limited liability company or an equivalent business entity by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant;
> . . .

(2) If a person described in Subparagraph (a), (b) or (c) of this subparagraph refuses to accept the process, tendering service as provided in this paragraph shall constitute valid service. If none of the persons mentioned is available, service may be made by delivering a copy of the process or other papers to be served at the

2

principal office or place of business during regular business hours to the person in charge.

(3) Service may be made on a person or entity described in Subparagraph (1) of this paragraph by mail or commercial courier service in the manner provided in Subparagraph (3) of Paragraph E of this rule.

NMRA 1-004(G).

## II.    Background

Albertson's filed an Amended Third-Party Complaint on June 25, 2025, naming Brazito as a third-party defendant. (*See* Doc. 34.) Albertson's first attempted service on Brazito under Federal Rule of Civil Procedure 4(h)(1)(B). (*See* Doc. 57 at 1–2.) The process server attempted service "on July 2, 3, and 9, 2025, at 200 Carroll Street, Suite 130, Fort Worth, Texas 76107[,]" the address listed for Brazito's registered agent. (*See id.*; *see also* Doc. 39 at 1–2.) "Upon each attempt, no one answered the door to receive the summons, although the process server noted that contact information cards left previously were picked up." (Doc. 39 ¶ 3 (citing Doc. 39-1).) "On July 17, 2025, Albertson's attempted to serve Brazito via certified mail to its registered agent, Bill Morris, at the same address." (*Id.* ¶ 4.) "Once again, no one answered the door, and the certified mail was not delivered." (*Id.* (citing Doc. 39-2).)

On September 29, 2025, the Court entered an Order to Show Cause, directing Albertson's to show "good cause why the Third Party Complaint should not be dismissed for failure to prosecute." (Doc. 38 at 2.) Albertson's timely responded and asserted that on September 29, 2025, it served Brazito via the New Mexico Secretary of State pursuant to NMRA 1-004(e)(1) and N.M. Stat. Ann. § 38-1-6. (*See* Doc. 39 ¶ 5 (citing Doc. 39-3).) The Court subsequently ordered Albertson's to file proof that service was properly effected. (*See* Doc. 40.) On October 20, 2025, "Albertson's filed the New Mexico Secretary of State's confirmation of Certified Mail – Return Receipt Requested, dated September 29, 2025." (*See* Doc. 42 at 2 (citing Doc. 41).) "The Secretary

3

of State sent the summons and complaint to Brazito at the same address Albertson's used unsuccessfully." (*See id.* (citing Doc. 41 at 3).) The Court found, however, that service was not properly effected without evidence of a signed return receipt pursuant to NMRA 1-004(E)(3). (*See id.* (citing *Fawley v. Lea Cnty. Corr. Facility*, No. 2:19-cv0079 DHU/JFR, 2023 WL 5320033, at *4 (D.N.M. Aug. 18, 2023); *Kabana, Inc. v. King Larimar, Inc.*, No. 1:15-cv-0995 WJ/CG, 2016 WL 10538834, at *3 (D.N.M. May 24, 2016) (noting that "New Mexico law requires that a person authorized by appointment sign a receipt for the envelope.") (citing NMRA 1-004(E)(3)).) Again, the Court ordered Albertson's to show cause for failure to prosecute and/or to comply with Court orders. (*See id.* at 3.)

In its response, Albertson's stated that it learned on October 27, 2025, "that Morris Capital Partners, LLC, the owner of [Brazito,] now does business as MCP Ventures, LLC and has its principal place of business located at 1200 W Magnolia Ave #220 Forth Worth, TX 76104." (Doc. 43 at 2.) Albertsons's asserted that business documentation shows Bill Morris, the registered agent for Morris Capital Partners LLC, is also the CEO of MCP Ventures, LLC. (*See id.* (citation omitted).) Albertson's attempted to serve Brazito via MCP Ventures, LLC, and the Return of Service reflects that the packet was left with "associate Owen Doiron." (*See* Doc. 43-2.) Although the Court quashed the Order to Show Cause (*see* Doc. 46), the undersigned later held a status conference and noted that leaving the service packet with an associate does not establish whether Doiron was authorized to receive service of process under NMRA 1-004(G). (*See* Doc. 51.) *See also, e.g.*, *Ham v. CarMax Auto Superstores, Inc.*, No. 1:23-cv-1057-DHU-JFR, 2024 WL 2091862, at *3 (D.N.M. May 9, 2024) (discussing plaintiff's burden to show the person who received process was authorized under Rule 1-004(G)(1)).

### III.    Analysis

Albertson's has made numerous unsuccessful attempts to serve Brazito as outlined in NMRA 1-004(G). Pursuant to Rule 1-004(G)(1)(a), on July 2, 3, and 9, 2025, a process server personally attempted service at the address listed for Brazito's registered agent. (*See* Docs. 57 at 1–2; 39 at 1–2.) No one answered the door, but the process server noted that the contact information cards left at the address were always picked up. (*See* Doc. 39 at 2 (citing Doc. 39-1).)

Albertson's attempted to serve Brazito under Rule 1-004(G)(2) when it left a packet with Owen Doiron on October 28, 2025. (*See* Doc. 43-2.) However, Albertson's was unable to confirm that Doiron qualified as "the person in charge" as required under that section. (*See* Doc. 51.)

Finally, Albertson's attempted mail service on Brazito under Rule 1-004(E)(3) and (G)(3) when it sent process to Brazito's registered agent by certified mail on July 17, 2025. (See Doc. 39 at 2 (citing Doc. 39-1).) The certified mail was not delivered; thus, service was not completed.

The Court finds that Albertson's "has done its due diligence to serve process 'in a manner reasonably calculated, under all the circumstances, to apprise the defendant[s] of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.'" *See Inland Lease & Rental, Inc. v. DMG Consulting & Dev. Inc.*, No. 1:24-CV-0608 WJ/LF, 2024 WL 4973505, at *2 (D.N.M. Dec. 4, 2024) (quoting NMRA 1-004(E)). Thus, the Court will grant the motion to serve by publication.

Rule 1-004(K) provides that "[s]ervice by publication shall be made once each week for three consecutive weeks . . . [and] is complete on the date of the last publication." "Service by publication pursuant to this rule shall be by giving a notice of the pendency of the action in a newspaper of general circulation in the county where the action is pending" and, relevant here, "in a newspaper of general circulation in the county which reasonably appears is most likely to give

the defendant notice of the action." NMRA 1-004(K)(1).

The Court finds that the amended Notice of Pendency of Suit (Doc. 58-1) is adequate under Rule 1-004(K). The Court finds that Albertson's shall publish the notice in the Las Cruces Sun-News, a newspaper of general circulation in Doña Ana County, New Mexico, and in The Daily Commercial Record, a newspaper of general circulation in Tarrant County, Texas.

**IT IS HEREBY ORDERED** that Albertson's Unopposed Motion for Substituted Service by Publication (Doc. 57) is **GRANTED**. Albertson's shall publish the amended Notice of Pendency of Suit (Doc. 58-1) in both the Las Cruces Sun-News and The Daily Commercial Record at least once a week for at least three weeks. Any proof of service Albertson's files shall contain a copy of the actual notice published in the newspapers and list the dates of its publication.

_____

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

6